IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| JANE DOE 12, JANE DOE 13, <br> JANE DOE 14, AND JANE DOE 15 <br><br> *Plaintiffs,* <br><br> v. <br><br> BAYLOR UNIVERSITY <br><br> *Defendant.* | § § § § § § § § § § § <br> Cause No. 6:17-cv-236-RP <br> JURY TRIAL DEMANDED |

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO AMEND**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, PLAINTIFFS JANE DOE 12, JANE DOE 13, and JANE DOE 14 (hereinafter collectively referred to as "Plaintiffs") and file this their Unopposed Motion for Leave to File First Amended Complaint in order to add a Plaintiff who has been victimized by Baylor University's malfeasance in handling sexual assaults. In support thereof, Plaintiffs would show the honorable Court as follows:

### I. INTRODUCTION & BACKGROUND FACTS

1. On September 1, 2017, Plaintiffs filed their Original Complaint against Defendant Baylor University for violations of Title IX and state law breach of contract and negligence. On December 13, 2017 the Court entered a Protective Order (ECF 5) ordering Defendant to file an answer to Plaintiffs' Original Complaint 45 days after service of the Complaint containing the Plaintiffs' true names. Defendant was served with Plaintiffs' Sealed Complaint on December 21, 2017. Plaintiffs' claims arise from the extensive history of abuse and conscious behavior of disregard by the Defendant, Baylor University and its failure to investigate and respond to student sexual assaults which increased Plaintiffs', and other students', chances of being attacked, and created a hostile environment that effectively denied Plaintiffs, and other female students, access to educational opportunities. Although

still concealing the specifics, Baylor has generally admitted significant portions of the underlying facts in published Findings of Fact from its Board of Regents.  One more woman has now bravely come forward to assert her rights.

2. Plaintiffs seek leave of Court to amend their complaint to add an additional Jane Doe Plaintiff who complains of similar behavior against Defendant.

## II.   LEGAL STANDARD

3. Federal Rule of Civil Procedure 15(a)(2) states, in relevant part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave. *The court should freely give leave when justice so requires.*" Fed. R. Civ. P. 15(a)(2)(emphasis added). The Fifth Circuit has held that the language of Rule 15 "evinces a bias in favor of granting leave to amend." *Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.2d 282, 286 (5th Cir. 2002), *cert. denied*, 123 S. Ct. 659 (2002)(quoting *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1983)). "The policy of the federal rules is to permit liberal pleading and amendment, thus facilitating adjudication on the merits while avoiding an excessive formalism." *Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985). As a result, a court "must have a 'substantial reason' to deny a request for leave to amend." *Lyn-Lea*, 283 F.2d at 286 (quoting *Jamieson*, 772 F.2d at 1208). The United States Supreme Court has long held that "In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be 'freely given.'" *Forman v. Davis*, 371 U.S. 178 (1962). See also *Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004)("Stated differently, district courts must entertain a presumption in favor of granting parties leave to amend.").

### III.     ARGUMENT

4. The facts before this Court demonstrate that leave should be granted for Plaintiffs to file their amended complaint. The litigation between the parties is at its inception—a scheduling order has not been entered and an answer has not been filed. It is, therefore, without question that the addition of the party is not untimely.

5. Plaintiffs' counsel has conferred with Baylor's counsel on this motion and have been advised that it is unopposed, subject to Baylor having until February 15, 2018, to file a responsive pleading.

6. Moreover, in the proposed Amended Complaint attached, no allegations regarding Does 12-14 have been modified, and none of the common allegations have been changed.

7. Plaintiffs request leave of Court to file the attached Amended Original Complaint.

### IV.     CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant them leave to file the attached First Amended Original Complaint.

Dated this 23rd day of January, 2018.

Respectfully submitted,

**BRAZIL & DUNN, L.L.P.**

 /s/  Chad W. Dunn
Chad W. Dunn
State Bar No. 24036507
K. Scott Brazil
State Bar No. 02934050
State Bar No. 24092608
4201 Cypress Creek Pkwy., Suite 530
Houston, Texas 77068
Telephone: (281) 580-6310
Facsimile: (281) 580-6362
chad@brazilanddunn.com

**DUNNAM & DUNNAM, L.L.P.**
Jim Dunnam
State Bar No. 06258010
Eleeza Johnson

        State Bar No. 24058690
        Andrea Mehta
        State Bar No. 24058690
        4125 West Waco Drive
        Waco, Texas 76710
        Telephone: (254) 753-6437
        Facsimile: (254) 753-7434
        jimdunnam@dunnamlaw.com
        eleezajohnson@dunnamlaw.com
        andreamehta@dunnamlaw.com

        ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF CONFERENCE

    I hereby certify that I conferred with opposing counsel on this Motion by e-mail. Counsel for the Defendant is Unopposed.

                */s/ Chad W. Dunn*
                Chad W. Dunn

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the above and foregoing Motion has been sent via the Court's electronic filing system to counsel for Defendant on January 23, 2018.

                */s/ Chad W. Dunn*
                Chad W. Dunn